# EXHIBIT "A"

E-filed in Office
9/24/2018 3:50 PM
Coweta County, GA
Sheila Echols, Clerk

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,                          )
                                         )    CIVIL ACTION
         PLAINTIFF,                      )    FILE NO.
                                         )         18SV0382E
vs.                                      )
                                         )
LIQUID TRANSPORT                         )    12 PERSON JURY TRIAL DEMANDED
CORPORATION; RAUL SEGADO;                )
AND GREAT WEST CASUALTY                  )
COMPANY,                                 )
                                         )
         DEFENDANTS.                     )

### COMPLAINT FOR DAMAGES

COMES NOW, Lisa Ann Baker, Plaintiff herein, and through the undersigned counsel

files this Complaint for Damages against Defendants Liquid Transport Corporation, Raul Segado,

and Great West Casualty Company, and hereby shows this Honorable Court as follows:

### PARTIES, JURISDICTION, VENUE, AND SERVICE OF PROCESS

1.  Plaintiff Lisa Ann Baker is a citizen of the State of Georgia and by bringing this action subjects

    herself to the jurisdiction of this Court.  Plaintiff resides at 8032 Forrest Rd, Grantville, Coweta

    County, GA 30220.

2.  Defendant Raul Segado (hereinafter "Defendant Segado") is domiciled in NJ and is subject to

    the jurisdiction of this Court. Defendant may be served with process at 1628 Pennfield Dr.

    Thorofare, NJ 08086.

3.  Defendant Raul Segado is subject to the jurisdiction of this Court.

4.  Defendant Raul Segado has been properly served with process in this action.

5.  Defendant Liquid Transport Corporation is a foreign corporation or partnership or other business

    entity organized and existing under the laws of the state of Indiana.

6.   Defendant Liquid Transport Corporation may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process in Georgia:  David Marcus, 2300 Henderson Mill Rd, Fulton County, Atlanta, GA 30345.

7.   Defendant Liquid Transport Corporation has been properly served with process in this action.

8.   Venue is proper as to Defendant Liquid Transport Corporation.

9.   Defendant Liquid Transport Corporation is subject to the jurisdiction of this Court.

10.  Defendant Great West Casualty Company is a foreign corporation or partnership or other business entity organized and existing under the laws of the state of Nebraska.

11.  Defendant Great West Casualty Company may be served by delivering a copy of the Summons and Complaint on its registered agent in Georgia:  Corporation Service Company, 40 Technology Parkway South, #300, Norcross, GA 30092.

12.  Defendant Great West Casualty Company has been properly served with process in this action.

13.  Venue is proper as to Defendant Great West Casualty Company.

14.  Defendant Great West Casualty Company is subject to the jurisdiction of this Court.

15.  Defendant Great West Casualty Company maintains a place of doing business in Georgia.

### FACTS

16.  On or about 10/10/2016 at approximately 3:05 P.M., Plaintiff was the driver of a Honda Accord travelling on I-85 in Franklin County, Georgia.

17.  At the same time and date, Defendant Raul Segado was operating a Kenworth Tractor and was traveling on I-85 North.

18.  Defendant Segado's tractor was owned by Defendant Liquid Transport Corporation and Defendant Segado was operating the tractor at the direction and to further the interests of Defendant Liquid Transport Corporation.

19. Plaintiff slowed her vehicle due to traffic ahead and Defendant Segado crashed his tractor-trailer into the rear of Plaintiff's vehicle.

20. Defendant Segado admitted to the police officer he saw traffic slowing down but could not stop in time.

21. The investigating officer issued the sole citations of fault against Defendant Segado for O.C.G.A. § 40-6-49.

22. On or about 10/10/2016, at approximately , Defendant Segado was an agent, employee and/or servant of Defendant Liquid Transport Corporation.

23. On or about 10/10/2016, at approximately 3:05 P.M. , Defendant Segado was acting within the scope of his agency, employment, or service and under the authority or at the direction of Defendant Liquid Transport Corporation.

24. Defendant Great West Casualty Company is liable to Plaintiff for all damages caused by Defendant Segado under the doctrine of respondeat superior or vicarious liability.

25. At the time of the collision, Defendant Liquid Transport Corporation was insured by Defendant Great West Casualty Company.

26. Defendant Liquid Transport Corporation is a motor common contract carrier engaged in interstate or intrastate commerce.

27. Plaintiff elects to use the procedure set forth in O.C.G.A. § 40-2-140 that permits joinder of Defendant Great West Casualty Company.

28. Plaintiff elects to use the procedure set forth in O.C.G.A. § 40-1-112(c) to join Defendant Great West Casualty Company.

29. As a result of the subject collision, which was the proximate result of the negligence of all the Defendants, Plaintiff suffered, and continues to suffer, significant physical, mental, and

emotional injuries, all for which Plaintiff is entitled to recover under the law. All Defendants are liable to Plaintiff for these damages.

## COUNT ONE- LIABILITY OF DEFENDANT SEGADO

30. Paragraphs 1-29 are incorporated by reference as if set forth fully herein.

31. On 10/10/2016, Defendant Segado owed a duty of care to the public in general, and to Plaintiff in particular, to operate his vehicle in a safe, reasonable and prudent manner at all times.

32. Defendant Segado breached his duty of care in at least the following ways:

   a. In failing to drive at a reasonable and prudent distance so as to anticipate stops and avoid the collision, in violation of O.C.G.A. § 40-6-49;

   b. In failing to make reasonable and proper observations while driving, and if reasonable and proper observations were made, he failed to act;

   c. In driving without keeping a proper lookout ahead, in violation of O.C.G.A. § 40-6-241;

   d. In driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241; and

   e. In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390.

33. As the direct and proximate result of the breaches by Defendant Segado set forth above, Plaintiff suffered significant physical, mental, and emotional pain.

34. Defendant Segado is liable, along with the other Defendants for the injuries and damages Plaintiff Baker sustained as a result of Defendants' negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## COUNT TWO - LIABILITY OF DEFENDANT LIQUID TRANSPORT CORPORATION

35. Paragraphs 1-34 are incorporated by reference as if set forth fully herein.

36. Defendant Liquid Transport Corporation is liable under the doctrine of respondeat superior or

vicarious liability for the tortious acts and omissions of its agents or employees, including Defendant Segado.

37. Defendant Liquid Transport Corporation is liable for tortiously failing to properly instruct, train, and supervise its employee or agent, Defendant Segado.

38. Defendant Liquid Transport Corporation is liable for negligently instituting, either expressly or by implication, policies, and practices that encouraged its drivers to operate vehicles in an unsafe or imprudent manner and that compromised the safety of other drivers on the roadway, and the safety of Plaintiff in particular.

39. Defendant Liquid Transport Corporation is liable for negligently retaining Defendant Segado as a driver.

40. Defendant Great West Casualty Company is liable statutorily under O.C.G.A. § 40-2-140.

41. Together with the negligence of Defendant Segado, the tortious acts and omissions committed by Defendant Liquid Transport Corporation, or through its agents and/or employees, as set forth above, directly and/or proximately caused the subject collision and the injuries to Plaintiff.

42. Defendant Liquid Transport Corporation is liable, along with the other Defendants, for the injuries and damages Plaintiff suffered as a direct and/or proximate result of Defendants' negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

### COUNT THREE – NEGLIGENT ENTRUSTMENT

43. Paragraphs 1-42 above are incorporated by reference as if set forth fully herein.

44. Plaintiff is further entitled to damages from Defendant Liquid Transport Corporation due to its negligent entrustment of its job performance or assignment to Defendant Segado.

45. As a result of said negligent entrustment, Plaintiff suffered serious injuries.

46. As a result, Plaintiff suffered and continues to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and medical-related expenses and lost wages.

### COUNT FOUR – NEGLIGENT HIRING

47. Paragraphs 1-46 above are incorporated by reference as if set forth fully herein.

48. Plaintiff is further entitled to damages from Defendant Liquid Transport Corporation due to its negligent hiring and contracting with Defendant Segado to haul goods over the highways of Georgia when it knew or should have known that Defendant Segado was not a safe driver and it was likely that some injury would occur.

49. As a result of said negligent hiring, Plaintiff suffered serious injury.

50. As a result, Plaintiff suffered and continues to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and medical-related expenses and lost wages.

### COUNT FIVE – LIABILITY OF DEFENDANT GREAT WEST CASUALTY COMPANY

51. Paragraphs 1-50 above are incorporated by reference as if set forth fully herein.

52. Pursuant to O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112(c) and the operative facts set forth above, Defendant Great West Casualty Company is directly liable for the tortious acts and omissions of Defendant Segado and Defendant Liquid Transport Corporation under the above-referenced contracts of insurance insuring Defendant Segado and Defendant Liquid Transport Corporation.

53. Pursuant to O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112(c), Defendant Great West Casualty Company is liable, along with the other Defendants, for the injuries and damages Plaintiff suffered as a direct and proximate result of Defendants' negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

**DAMAGES CLAIMED**

54.   Paragraphs 1-53 above are incorporated by reference as if set forth fully herein.

55.   As a direct and proximate result of Defendant Liquid Transport Corporation's negligence, Plaintiff sustained personal injuries, special damages, lost wages, and general damages for which Plaintiff is entitled to be compensated by the Defendants in an amount to be determined at trial.

56.   As a direct and proximate result of Defendant Segado's negligence, Plaintiff sustained personal injuries, special damages, lost wages, and general damages for which Plaintiff is entitled to be compensated by the Defendants in an amount to be determined at trial.

57.   The actions of Defendant Segado in operating the tractor-trailer during the events described herein authorize the imposition of punitive damages, pursuant to the provisions of O.C.G.A. § 51-12-5.1 in that such actions show willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

58.   The actions of Defendant Liquid Transport Corporation, in negligently hiring, retaining, and entrusting a vehicle to Defendant Segado during the events described herein authorize the imposition of punitive damages, pursuant to the provisions of O.C.G.A. § 51-12-5.1 in that such actions show willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

**WHEREFORE,** Plaintiff prays that:

(a)   Summons and Complaint be served upon Defendant Segado, Defendant Liquid Transport Corporation, and Defendant Great West Casualty Company, according to the law;

(b) Plaintiff recover from Defendants a sum of damages to compensate Plaintiff for Plaintiff's injuries and damages including, but not limited to, medical expenses (past and future), pain and suffering (past, present and future), and lost wages (past and future) as aforesaid;

(c) Plaintiff have and recover a judgment in punitive damages to punish and deter such future conduct of the Defendants;

(d) All costs of this action be taxed against Defendants; and

(e) For such other and further relief as the Court shall deem just and appropriate.

Respectfully submitted,

The Melonakos Law Firm, LLC
416 E. North St.
Greenville, SC 29601
(864) 485-5555 – Office
(864) 752-1600 – Fax

Michael A Melonakos, Esq.
Attorney for Plaintiff
Georgia Bar No: 115090

E-filed in the Office
Clerk of State Court
9/24/2018 3:50 PM
Coweta County, GA
Sheila Echols, Clerk

## IN THE STATE COURT OF COWETA COUNTY
## STATE OF GEORGIA

LISA ANN BAKER,                    )
                                   )   CIVIL ACTION
        PLAINTIFF,                 )   FILE NO.
                                   )        18SV0382E
vs.                                )
                                   )
LIQUID TRANSPORT                   )
CORPORATION; GREAT WEST            )
CASUALTY COMPANY; AND RAUL         )
SEGADO,                            )
                                   )
        DEFENDANTS.                )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

To:  Defendants by and through its counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response thereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator, or attorney acting on your behalf.

For your convenience, in lieu of producing the original documents described below for inspection at the offices of The Melonakos Law Firm, LLC, at 416 E. North St. Greenville, SC 29601, (excluding such tangible items such as photographs), you may photocopy said documents and mail them to the undersigned within the time allowed by law, together with a certification

stating: "The documents so furnished constitute true, correct, and complete copies of all of the documents requested," clearly noting and identifying any exception.

Plaintiff requests that **each Defendant respond to these Interrogatories and Requests for Production of Documents individually, separately, and completely, and supplement any responses to these Interrogatories and Requests for Production individually, separately, and completely**.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### 1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) Driven by Defendant Raul Segado on the date of the incident referred to in the Complaint and describe the nature of the interest.

### 2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Raul Segado from thirty days prior to the subject collision to thirty days after the subject collision.

### 3.

Please produce true, accurate and complete copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Raul Segado on the day of the subject collision.

### 4.

Please produce true, accurate, and complete copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or

chassis, if applicable) by Defendant Raul Segado on the date of the incident referred to in the complaint.

5.

Please produce true, accurate, and complete copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Raul Segado.

6.

Please identify the point of origin, the destination, and reason for the trip being made by Defendant Raul Segado at the time of the subject collision.

7.

Please produce true, accurate, and complete copies of the bill of lading for any loads carried by Defendant Raul Segado for the eight day period preceding the subject collision.

8.

In regard to the load being transported at the time of the collision by Defendant Raul Segado, please identify:

a. Where the load originated;

b. The contents thereof;

c. The weight of said load;

d. The final destination of the load; and

e. Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each

policy.

10.

Please produce true, accurate, and complete copies of any policies of insurance identified in response to the preceding Interrogatory.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Please produce true, accurate, and complete copies of any trip reports or dispatch records in regard to Defendant Raul Segado for the two week period preceding the incident referred to in the Complaint.

14.

Please produce true, accurate, and complete copies of all driver's logs or time cards for Defendant Raul Segado for the six month period preceding the incident referred to in the complaint.

15.

Please produce true, accurate, and complete copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Segado for the six month period preceding the subject collision.

16.

Please produce true, accurate, and complete copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Raul Segado on the day of the subject collision for the one year period before the subject collision and the six month period following the subject collision.

17.

Please produce true, accurate, and complete copies of all maintenance records, repair invoices, and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Segado on the day of the subject collision for the one year period before the subject collision and the six month period following the subject collision.

18.

Please produce true, accurate, and complete copies of Defendant Segado's driver's qualification file, including but not limited to:

a.  Application for employment;

b.  Copy of his CDL license;

c.  Driver's certification of prior motor vehicle accidents;

d.  Driver's certification of prior violations of motor vehicle laws;

e.  Driver's employment history;

f.  Defendant Liquid Transport Corporation's inquiry into his driving record;

g.  Defendant Liquid Transport Corporation's inquiry into his employment record;

h.  Documents regarding Defendant Liquid Transport Corporation's annual review of the driving record of Defendant Liquid Transport Corporation;

i.  Response of each state agency to Defendant Liquid Transport Corporation's annual

inquiry concerning the driving record of Defendant Liquid Transport Corporation;

j.   Certification of Defendant Segado's road test;

k.   Medical examiner's certificate;

l.   Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

m.  Training certificates and training documents;

n.   Drug testing records; and

o.   Any other documents in the Driver's Qualification File.

19.

Did Defendant Liquid Transport Corporation conduct a post-accident alcohol and controlled substance test on Defendant Segado? If so, please state:

a.  The date of testing;

b.  Who performed the test;

c.  Where the test was performed; and

d.  The results of the test.

20.

Please produce true, accurate, and complete copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Segado.

21.

If post-accident testing was not performed on Defendant Segado, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed and forwarded to the FHA.

23.

Please produce true, accurate, and complete copies of any post-accident reports.

24.

Please produce true, accurate, and complete copies of the accident register for Defendant Liquid Transport Corporation for the one year preceding the subject collision.

25.

Please produce copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant Liquid Transport Corporation or kept by Defendant Liquid Transport Corporation or Great West Casualty Company.

26.

Please produce true, accurate, and complete copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Segado.

27.

Please produce true, accurate, and complete copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Liquid Transport Corporation or kept by Defendant Liquid Transport Corporation or Defendant Great West Casualty Company.

28.

State in detail the factual basis for each defense you have raised in your Answer to the Complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved in the hiring and associating of Defendant Segado.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Please produce true, accurate, and complete copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period before the subject collision.

32.

Describe the tractor operated by Defendant Raul Segado at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant Segado ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

    a.  The date of the violation;

    b.  A description of the violation;

    c.  The location where the violation occurred;

    d.  The agency issuing the citation; and

    e.  The ultimate disposition of the charges.

34.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

35.

Has Defendant Liquid Transport Corporation ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

    a.  The date of the violation;

    b.  A description of the violation;

    c.  The location where the violation occurred;

    d.  The agency issuing the citation; and

    e.  The ultimate disposition of the charges

36.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

37.

Has Defendant Segado ever been disqualified or placed out-of-service? If so, please state for each instance the dates of disqualification and the reason(s) for disqualification.

38.

Please produce true, accurate, and complete copies of any document concerning any disqualification or out-of-service placement identified in response to the preceding Interrogatory.

39.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Segado on the date of the incident referred to in the Complaint for the one year period before the subject collision and six month period before the subject collision.

40.

State the extent of any training provided to Defendant Segado by Defendant Liquid Transport Corporation or any outside agency since the date of Defendant Segado's application for employment or the date he began driving for Defendant Liquid Transport Corporation, whichever came first.

41.

Please produce true, accurate, and complete copies of any documents regarding any training received by Defendant Segado.

42.

Please produce true, accurate, and complete copies of any permits or licenses regarding the tractor and trailer driven by Defendant Segado and the load transported by Defendant Segado at the time of the subject collision.

43.

Please explain the nature of the employment relationship between Defendant Liquid Transport Corporation and Defendant Segado (i.e., lease operator, company driver, temporary

driver, etc.), including, but not limited to:  The date the employment relationship began; if the employment relationship has been terminated; the date of such termination, and the identity of the persons who terminated such driver.

44.

With respect to Defendant Segado, please state the driver's mode of compensation as of the date of the subject collision. If his mode of compensation was different in the six months before or six months after the collision, please state such other mode of compensation.

45.

Please produce, true, accurate, and complete copies of the payroll information concerning Defendant Segado for the six (6) months prior to and the two (2) months after the subject collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

46.

Does Defendant Liquid Transport Corporation, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Segado, and the dates upon which such information was obtained concerning Defendant Segado.

47.

Please produce true, accurate, and complete copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to

the driving history, driving record, and driving infractions of Defendant Segado since the commencement of Defendant Segado's employment with Defendant Liquid Transport Corporation up and through the date of trial.

48.

Please produce true, accurate, and complete copies of all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which made the basis of this lawsuit.

49.

Please produce true, accurate, and complete copies of all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to Defendant Liquid Transport Corporation or Defendant Segado's operations.

50.

Please identify all automobile accidents and moving violations for Defendant Segado prior to and subsequent to the subject collision, including the date of the event, the location, the jurisdiction, and a description of the accident and/or moving violation(s).

51.

Please produce true, accurate, and complete copies of any PSP report or similar report from the FMCSA on Defendant Segado showing his prior accidents and inspection history.

52.

Please state Defendant Raul Segado's date of birth, social security number, and driver's license.

53.

Please identify the cellphone number and service provider for all cellular phones owned, used, or operated by Defendant Raul Segado on the date of the subject collision.

54.

Please produce true, accurate, and complete copies of all cellular phone records showing incoming and outgoing calls, texts, and messages for the date of the subject collision.

55.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

    a.  Was an eyewitness to the subject collision;

    b.  Has some knowledge of any fact or circumstance upon which your defense is based;

    c.  Has conducted any investigation relating to the subject collision or of the background, employment, medical history, or activities of Plaintiff.

56.

To your knowledge, information or belief, has any person identified in the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

57.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

58.

To your knowledge, information, or belief are there any videotapes, photographs, plats or

drawings of the scene of the subject collision, the vehicles involved, or of Plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

59.

Please produce true, accurate, and complete copies of all such videotapes, photographs, plats or drawings identified in response to the preceding Interrogatory.

60.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinion held by each such expert or technician and give a complete summary of the grounds for each opinion held.

61.

Please produce true, accurate and complete copies of any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding Interrogatory.

62.

Please produce true, accurate, and complete copies of **any documents obtained through a Request for Production of Documents or subpoena.**

63.

In regard to any document which has not been produced on grounds of privilege, please state the following:

    a.  The date each document was generated;

    b.  The person generating each document;

    c.  The present custodian of each document;

    d.  A description of each document.

64.

Please produce true, accurate and complete copies of any medical records, videotapes, photographs, or other evidence concerning referencing or depicting Plaintiff.

65.

Please produce a true, accurate and complete copy of the entire claim file created and maintained by Defendant Great West Casualty Company regarding Plaintiff's insurance claim that makes up the basis of this lawsuit.

Respectfully submitted,

Respectfully submitted,

The Melonakos Law Firm, LLC
416 E. North St.
Greenville, SC 29601
(864) 485-5555 – Office
(864) 752-1600 – Fax

/s/ Michael Melonakos_____
Michael A Melonakos, Esq.
Attorney for Plaintiff
Georgia Bar No: 115090

Print Form

# IN THE STATE COURT OF COWETA COUNTY, GEORGIA
PHYSICAL ADDRESS: 72 GREENVILLE STREET, NEWNAN, GEORGIA 30263
MAILING ADDRESS: P.O. BOX 884, NEWNAN, GEORGIA 30264
TELEPHONE (770) 254-2699 * FACSIMILE (770) 252-6422

Kenyetta Chester c/o Jensen Law

6111 Peachtree Dunwoody Rd.

Bldg G, Ste 201, Atlanta, GA 30328

Plaintiff

Vs.

Lila Thompson

251 Lamar Smith Drive

Newnan, Georgia 30263

Defendant

18SV0392E

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Jensen Law, LLC, Eric L. Jensen, Esq./Michael T. Roth, Esq.

6111 Peachtree Dunwoody Road, Building G, Suite 201

Atlanta, Georgia 30328

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**SHEILA W. ECHOLS**
**CLERK OF COURT**
**State Court of Coweta County**
By: _____ Deputy Clerk

Filed in the Office
Clerk of State Court
9/24/2018 3:50 PM
Coweta County, GA
Sheila Echols, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of _Coweta_ _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _9/24/2018_ | 18SV0372E |
| MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

Baker     Lisa     A

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Liquid Transport Corporation

Segado     Paul

Great West Casualty Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney _Michael Melonakos_     Bar Number _115090_     Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number          Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.L.18

E-filed in the Office
Clerk of State Court
9/24/2018 3:50 PM
Coweta County, GA
Sheila Echols, Clerk

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LISA ANN BAKER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | **18SV0372E** |
| vs. | ) | |
| | ) | |
| LIQUID TRANSPORT | ) | |
| CORPORATION; GREAT WEST | ) | |
| CASUALTY COMPANY; AND RAUL | ) | |
| SEGADO, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS**

To: Defendants by and through its counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants,

for response within forty-five (45) days after service hereof, in the form provided by law, the

following interrogatories and requests for production of documents, the same being continuing in

nature, requiring a supplemental response upon the discovery of other or further information or

documents affecting your response thereto.

In responding, you are requested to answer fully and produce all documents available to

you or in your possession or in the possession of any agent, insurer, investigator, or attorney acting

on your behalf.

For your convenience, in lieu of producing the original documents described below for

inspection at the offices of The Melonakos Law Firm, LLC, at 416 E. North St. Greenville, SC

29601, (excluding such tangible items such as photographs), you may photocopy said documents

and mail them to the undersigned within the time allowed by law, together with a certification

stating: "The documents so furnished constitute true, correct, and complete copies of all of the documents requested," clearly noting and identifying any exception.

Plaintiff requests that **each Defendant respond to these Interrogatories and Requests for Production of Documents individually, separately, and completely, and supplement any responses to these Interrogatories and Requests for Production individually, separately, and completely**.

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) Driven by Defendant Raul Segado on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Raul Segado from thirty days prior to the subject collision to thirty days after the subject collision.

3.

Please produce true, accurate and complete copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Raul Segado on the day of the subject collision.

4.

Please produce true, accurate, and complete copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or

chassis, if applicable) by Defendant Raul Segado on the date of the incident referred to in the complaint.

5.

Please produce true, accurate, and complete copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Raul Segado.

6.

Please identify the point of origin, the destination, and reason for the trip being made by Defendant Raul Segado at the time of the subject collision.

7.

Please produce true, accurate, and complete copies of the bill of lading for any loads carried by Defendant Raul Segado for the eight day period preceding the subject collision.

8.

In regard to the load being transported at the time of the collision by Defendant Raul Segado, please identify:

a. Where the load originated;

b. The contents thereof;

c. The weight of said load;

d. The final destination of the load; and

e. Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each

policy.

10.

Please produce true, accurate, and complete copies of any policies of insurance identified in response to the preceding Interrogatory.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that Plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Please produce true, accurate, and complete copies of any trip reports or dispatch records in regard to Defendant Raul Segado for the two week period preceding the incident referred to in the Complaint.

14.

Please produce true, accurate, and complete copies of all driver's logs or time cards for Defendant Raul Segado for the six month period preceding the incident referred to in the complaint.

15.

Please produce true, accurate, and complete copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Segado for the six month period preceding the subject collision.

16.

Please produce true, accurate, and complete copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Raul Segado on the day of the subject collision for the one year period before the subject collision and the six month period following the subject collision.

17.

Please produce true, accurate, and complete copies of all maintenance records, repair invoices, and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Segado on the day of the subject collision for the one year period before the subject collision and the six month period following the subject collision.

18.

Please produce true, accurate, and complete copies of Defendant Segado's driver's qualification file, including but not limited to:

a. Application for employment;

b. Copy of his CDL license;

c. Driver's certification of prior motor vehicle accidents;

d. Driver's certification of prior violations of motor vehicle laws;

e. Driver's employment history;

f. Defendant Liquid Transport Corporation's inquiry into his driving record;

g. Defendant Liquid Transport Corporation's inquiry into his employment record;

h. Documents regarding Defendant Liquid Transport Corporation's annual review of the driving record of Defendant Liquid Transport Corporation;

i. Response of each state agency to Defendant Liquid Transport Corporation's annual

inquiry concerning the driving record of Defendant Liquid Transport Corporation;

j.   Certification of Defendant Segado's road test;

k.   Medical examiner's certificate;

l.   Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

m.   Training certificates and training documents;

n.   Drug testing records; and

o.   Any other documents in the Driver's Qualification File.

19.

Did Defendant Liquid Transport Corporation conduct a post-accident alcohol and controlled substance test on Defendant Segado?  If so, please state:

a.   The date of testing;

b.   Who performed the test;

c.   Where the test was performed; and

d.   The results of the test.

20.

Please produce true, accurate, and complete copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Segado.

21.

If post-accident testing was not performed on Defendant Segado, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed and forwarded to the FHA.

23.

Please produce true, accurate, and complete copies of any post-accident reports.

24.

Please produce true, accurate, and complete copies of the accident register for Defendant Liquid Transport Corporation for the one year preceding the subject collision.

25.

Please produce copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant Liquid Transport Corporation or kept by Defendant Liquid Transport Corporation or Great West Casualty Company.

26.

Please produce true, accurate, and complete copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Segado.

27.

Please produce true, accurate, and complete copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Liquid Transport Corporation or kept by Defendant Liquid Transport Corporation or Defendant Great West Casualty Company.

28.

State in detail the factual basis for each defense you have raised in your Answer to the Complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal

Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the

collision, and all persons who interviewed and were involved in the hiring and associating of

Defendant Segado.

30.

State whether the tractor involved in the collision contained or utilized an on-board

recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master,

Qualcomm, Vorad, ECM or device known by any other name which records information

concerning the operation of the tractor.

31.

Please produce true, accurate, and complete copies of any printouts, records or documents

produced by any device identified in response to the preceding interrogatory for the six month

period before the subject collision.

32.

Describe the tractor operated by Defendant Raul Segado at the time of the collision,

including but not limited to the year, make, and model, mileage, maintenance history, all features,

specifications, special equipment, governors, on-board recording devices, radar detectors, CB

radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant Segado ever been cited by the Department of Transportation, Public

Service Commission, or Federal Highway Administration for violation of the Federal Motor

Carrier Safety Regulations? If so, please state for each instance:

a. The date of the violation;

b. A description of the violation;

c. The location where the violation occurred;

d. The agency issuing the citation; and

e. The ultimate disposition of the charges.

34.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

35.

Has Defendant Liquid Transport Corporation ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

a. The date of the violation;

b. A description of the violation;

c. The location where the violation occurred;

d. The agency issuing the citation; and

e. The ultimate disposition of the charges

36.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

37.

Has Defendant Segado ever been disqualified or placed out-of-service? If so, please state for each instance the dates of disqualification and the reason(s) for disqualification.

38.

Please produce true, accurate, and complete copies of any document concerning any disqualification or out-of-service placement identified in response to the preceding Interrogatory.

39.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Segado on the date of the incident referred to in the Complaint for the one year period before the subject collision and six month period before the subject collision.

40.

State the extent of any training provided to Defendant Segado by Defendant Liquid Transport Corporation or any outside agency since the date of Defendant Segado's application for employment or the date he began driving for Defendant Liquid Transport Corporation, whichever came first.

41.

Please produce true, accurate, and complete copies of any documents regarding any training received by Defendant Segado.

42.

Please produce true, accurate, and complete copies of any permits or licenses regarding the tractor and trailer driven by Defendant Segado and the load transported by Defendant Segado at the time of the subject collision.

43.

Please explain the nature of the employment relationship between Defendant Liquid Transport Corporation and Defendant Segado (i.e., lease operator, company driver, temporary

driver, etc.), including, but not limited to: The date the employment relationship began; if the employment relationship has been terminated; the date of such termination, and the identity of the persons who terminated such driver.

44.

With respect to Defendant Segado, please state the driver's mode of compensation as of the date of the subject collision. If his mode of compensation was different in the six months before or six months after the collision, please state such other mode of compensation.

45.

Please produce, true, accurate, and complete copies of the payroll information concerning Defendant Segado for the six (6) months prior to and the two (2) months after the subject collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).

46.

Does Defendant Liquid Transport Corporation, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Segado, and the dates upon which such information was obtained concerning Defendant Segado.

47.

Please produce true, accurate, and complete copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to

the driving history, driving record, and driving infractions of Defendant Segado since the commencement of Defendant Segado's employment with Defendant Liquid Transport Corporation up and through the date of trial.

48.

Please produce true, accurate, and complete copies of all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which made the basis of this lawsuit.

49.

Please produce true, accurate, and complete copies of all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to Defendant Liquid Transport Corporation or Defendant Segado's operations.

50.

Please identify all automobile accidents and moving violations for Defendant Segado prior to and subsequent to the subject collision, including the date of the event, the location, the jurisdiction, and a description of the accident and/or moving violation(s).

51.

Please produce true, accurate, and complete copies of any PSP report or similar report from the FMCSA on Defendant Segado showing his prior accidents and inspection history.

52.

Please state Defendant Raul Segado's date of birth, social security number, and driver's license.

53.

Please identify the cellphone number and service provider for all cellular phones owned, used, or operated by Defendant Raul Segado on the date of the subject collision.

54.

Please produce true, accurate, and complete copies of all cellular phone records showing incoming and outgoing calls, texts, and messages for the date of the subject collision.

55.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

    a.  Was an eyewitness to the subject collision;

    b.  Has some knowledge of any fact or circumstance upon which your defense is based;

    c.  Has conducted any investigation relating to the subject collision or of the background, employment, medical history, or activities of Plaintiff.

56.

To your knowledge, information or belief, has any person identified in the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

57.

Please produce true, accurate, and complete copies of any document concerning any violation identified in response to the preceding Interrogatory.

58.

To your knowledge, information, or belief are there any videotapes, photographs, plats or

drawings of the scene of the subject collision, the vehicles involved, or of Plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

59.

Please produce true, accurate, and complete copies of all such videotapes, photographs, plats or drawings identified in response to the preceding Interrogatory.

60.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinion held by each such expert or technician and give a complete summary of the grounds for each opinion held.

61.

Please produce true, accurate and complete copies of any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding Interrogatory.

62.

Please produce true, accurate, and complete copies of **any documents obtained through a Request for Production of Documents or subpoena.**

63.

In regard to any document which has not been produced on grounds of privilege, please state the following:

    a.  The date each document was generated;

    b.  The person generating each document;

    c.  The present custodian of each document;

    d.  A description of each document.

64.

Please produce true, accurate and complete copies of any medical records, videotapes, photographs, or other evidence concerning referencing or depicting Plaintiff.

65.

Please produce a true, accurate and complete copy of the entire claim file created and maintained by Defendant Great West Casualty Company regarding Plaintiff's insurance claim that makes up the basis of this lawsuit.

Respectfully submitted,

                                  Respectfully submitted,

The Melonakos Law Firm, LLC          /s/ Michael Melonakos_____
416 E. North St.                        Michael A Melonakos, Esq.
Greenville, SC 29601                Attorney for Plaintiff
(864) 485-5555 – Office              Georgia Bar No: 115090
(864) 752-1600 – Fax

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,                              )
                                             )
            Plaintiff,                       )          Civil Action
                                             )
v.                                           )          File Number: 18SV0382E
                                             )
LIQUID TRANSPORT CORPORATION,                )
RAUL SEGADO; and GREAT WEST                  )
CASUALTY COMPANY,                            )
                                             )
            Defendants.                      )
                                             )

## MOTION FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE

Comes now, Lisa Baker, the Plaintiff in the above action, by and through her attorney of record and moves that an Order be entered naming Christian Seklecki as a special agent to serve the Defendant(s) with a copy of the Summons and Complaint. Christian Seklecki is a Georgia Certified Process Server pursuant to O.C.G.A. § 9-11-4.1. In support thereof, Plaintiff shows that prompt service of process upon the Defendants is necessary and our specially appointed process servers will attempt service with due diligence. The Defendant(s) may not open the door to a uniformed deputy. Said agents are neither employees of this firm, nor an attorney of any parties. Said agents are neither a relative of a party, nor a party in this action, and have no financial interest in the outcome of this case and is "wholly disinterested." Further, all agents are more than eighteen (18) years of age and are citizens of the United States.

This ⟨ day of OCT, 2018

Respectfully Submitted,

Attorney for Plaintiff
State Bar No. 115090

Michael Melonakos
The Melonakos Law Firm
416 E. North St.
Greenville, SC 29601
mike@scinjuryattorney.com

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,                          )
                                         )
            Plaintiff,                   )        Civil Action
                                         )
v.                                       )        File Number: 18SV0382E
                                         )
LIQUID TRANSPORT CORPORATION,            )
RAUL SEGADO; and GREAT WEST              )
CASUALTY COMPANY,                        )
                                         )
            Defendants.                  )
                                         )

**ORDER**

The above motion has been read and considered and the same appears to the Court that

sufficient grounds exist for granting thereof, it is hereby ORDERED that Christian Seklecki, who

is a Citizen of the United States and over the age of 18, are hereby authorized and specially

appointed by this Court to serve process and to personally serve the Defendant(s) herein with the

Summons and Complaint filed in this action and file their process of service as required by law.

This _____ day of _____, 2018


_____
Judge
State Court of Cowetat County

PRESENTED BY:

Michael Melonakos
The Melonakos Law Firm
State Bar No: 115090
416 E. North St.
Greenville, SC 29601
(864) 485-5555
Mike@scinjuryattorney.com

Page 1 of 1

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,                        )
                                       )
            Plaintiff,                 )            Civil Action
                                       )
v.                                     )            File Number: 18SV0382E
                                       )
LIQUID TRANSPORT CORPORATION,          )
RAUL SEGADO; and GREAT WEST            )
CASUALTY COMPANY,                      )
                                       )
            Defendants.                )
                                       )

## AFFIDAVIT OF CHRISTIAN SEKLECKI

Personally, appeared before me, an officer duly authorized by law to administer oaths,

Christian Seklecki, who after being duly sworn, states:

1. My name is Christian Seklecki and I am competent in all respects to testify regarding
   the matters forth herein.
2. I am a citizen of the United States.
3. I am over the age of eighteen (18).
4. I am not a party to this lawsuit and I'm not related to a party in this lawsuit.
5. I have no interest in the outcome of this case.

FURTHER AFFIANT SAYETH NOT.

This ___3___ day of _October_, 2018

                                       _____
                                       CHRISTIAN SEKLECKI

Sworn to and subscribed before me

This 3rd day of October, 2018.

_____
Notary Public

LEIGH BECK
MY COMMISSION EXPIRES
NOTARY
PUBLIC
SEPTEMBER 5, 2022
DEKALB COUNTY, GA

E-filed in Office
Clerk of State Court
10/8/2018 12:28 PM
Coweta County, GA
Sheila Echols, Clerk

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,                          )
                                         )
            Plaintiff,                   )          Civil Action
                                         )
v.                                       )          File Number: 18SV0382E
                                         )
LIQUID TRANSPORT CORPORATION,            )
RAUL SEGADO; and GREAT WEST              )
CASUALTY COMPANY,                        )
                                         )
            Defendants.                  )
                                         )

## ORDER

The above motion has been read and considered and the same appears to the Court that

sufficient grounds exist for granting thereof, it is hereby ORDERED that Christian Seklecki, who

is a Citizen of the United States and over the age of 18, are hereby authorized and specially

appointed by this Court to serve process and to personally serve the Defendant(s) herein with the

Summons and Complaint filed in this action and file their process of service as required by law.

This _5_ day of _Oct_, 2018

Judge
State Court of Cowetat County

PRESENTED BY:

Michael Melonakos
The Melonakos Law Firm
State Bar No: 115090
416 E. North St.
Greenville, SC 29601
(864) 485-5555
Mike@scinjuryattorney.com

**John Herbert Cranford**
**Coweta County State Court Judge**

Page 1 of 1

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,

       Plaintiff,

v.

LIQUID TRANSPORT CORPORATION,
RAUL SEGADO; and GREAT WEST
CASUALTY COMPANY,

       Defendants.

CIVIL ACTION
FILE NO.:  18SV0382E

## NOTICE OF CHANGE OF ADDRESS

COMES NOW, Kevin P. Branch, Attorney for Defendants in the above-styled matter, and notifies the Court and parties of the following change of address.  Effective November 9, 2018, all communication regarding this matter should be addressed to the following attorneys, law firm and address:

**Kevin P. Branch, LLP – Georgia Bar No. 111839**
**MCMICKLE, KUREY & BRANCH, LLP**
**217 Roswell Street, Suite 200**
**Alpharetta, GA  30009**
**Telephone:  (678) 824-7800**
**Facsimile:  (678) 824-7801**

Respectfully submitted this 14th day of November, 2018.

           MCMICKLE, KUREY & BRANCH, LLP

           BY: /s/ Kevin P. Branch
               KEVIN P. BRANCH
               Georgia Bar No. 111839
               For the Firm
               *Attorney for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:    (678) 824-7800
Facsimile:    (678) 824-7801

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

LISA ANN BAKER,

     Plaintiff,

v.

LIQUID TRANSPORT CORPORATION,
RAUL SEGADO AND GREAT WEST
CASUALTY COMPANY

     Defendants.

CIVIL ACTION
FILE NO.:  18SV0382E

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **NOTICE OF CHANGE OF ADDRESS** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

Michael A. Melonakos, Esq.
The Melonakos Law Firm, LLC
416 E. North St.
Greenville, SC 29601
*Attorney for Plaintiff*

This 14th day of November, 2018.

/s/ Kevin P. Branch
KEVIN P. BRANCH
For the Firm

M0451177.1 14254