IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| LISA ANN BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>LIQUID TRANSPORT CORPORATION, RAUL SEGADO; and GREAT WEST CASUALTY COMPANY,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: |

**DEFENDANT LIQUID TRANSPORT CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Defendant LIQUID TRANSPORT CORPORATION ("Defendant"), and files its Answer to Plaintiff's Complaint for Damages as follows:

**FIRST DEFENSE**

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

The Plaintiff's Complaint as to this Defendant, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

M0449687.1 14254

**THIRD DEFENSE**

Pending further investigation and discovery, the accident giving rise to Plaintiff's Complaint was caused by the acts or omissions of persons or entities other than this Defendant.

**FOURTH DEFENSE**

Pending further investigation and discovery, this Defendant breached no duty owed to the Plaintiff.

**FIFTH DEFENSE**

Pending further investigation and discovery, this Defendant shows that no act or omission on its part was the proximate cause of the injuries and damages alleged by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to plead special damages with the particularity required.

**SEVENTH DEFENSE**

No act or omission on the part of this Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

## EIGHTH DEFENSE

This Defendant denies that it is subject to any award of punitive damages in this case, but shows that any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant and there is insufficient evidence to create a jury issue on punitive damages against this Defendant.  As a defense to Plaintiff's claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2).

## TENTH DEFENSE

Pending further investigation and discovery, Defendant asserts the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, and failure to exercise ordinary care.  Further, Defendant reserves the right to assert all affirmative defenses available under the Federal Rules of Civil Procedure.

## ELEVENTH DEFENSE

There has been an insufficiency of process and service of process as to Defendant, and on account thereof, the Complaint should be dismissed.

## TWELFTH DEFENSE

This Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Defendant lacks information and knowledge necessary to form a reasonable belief as to the truth of the allegations set forth in Paragraph 1 and, therefore, such allegations are denied.

2.

Admitted.

3.

Admitted.

4.

Denied.

5.

It is admitted that Liquid Transport Corporation is a corporation organized and existing under the laws of State of Indiana with a principal place of business in Indiana. Except as expressly admitted, all other allegations set forth in Paragraph 5 are denied.

6.

Admitted.

7.

Denied.

8.

Admitted.

9.

Admitted.

10.

It is admitted that Great West Casualty Company is a corporation organized and existing under the laws of State of Nebraska with its principal place of business in Nebraska. Except as expressly admitted, all other allegations set forth in Paragraph 10 are denied.

11.

Admitted.

12.

Denied.

13.

Denied.

14.

It is admitted that Great West Casualty Company is subject to personal jurisdiction in the State of Georgia. Except as expressly admitted, all other allegations set forth in Paragraph 14 are denied.

15.

Denied.

## FACTS

16.

It is admitted that on or about October 10, 2016, upon information and belief, Plaintiff was the driver of a Honda Accord traveling on I-85 in Franklin County, Georgia. Except as expressly admitted, all other allegations set forth in Paragraph 16 are denied.

17.

It is admitted that Raul Segado was operating a tractor-trailer on I-85 on or about October 10, 2016. Except as expressly admitted, all other allegations set forth in Paragraph 17 are denied.

18.

It is admitted that on or about October 10, 2016, Raul Segado was operating a tractor-trailer controlled by Liquid Transport Corporation that Raul Segado was an employee of Liquid Transport Corporation and Raul Segado was driving the vehicle in the course and scope of his employment. Except as expressly admitted, all other allegations set forth in Paragraph 18 are denied.

19.

Denied as stated.

20.

Denied as stated.

21.

It is admitted that Raul Segado was issued a citation associated with the accident. Except as expressly admitted, all other allegations set forth in Paragraph 21 are denied.

22.

It is admitted that Raul Segado was an employee of Liquid Transport Corporation on or about October 10, 2016. Except as expressly admitted, all other allegations set forth in Paragraph 22 are denied.

23.

It is admitted that on or about October 10, 2016, Raul Segado was an employee of Liquid Transport Corporation and was acting in the course and scope of his employment. Except as expressly admitted, all other allegations set forth in Paragraph 23 are denied.

24.

Denied.

25.

It is admitted that Great West Casualty Company issued a policy of insurance to Liquid Transport Corporation, the terms and conditions of which speak for themselves. Except as expressly admitted, all other allegations set forth in Paragraph 25 are denied.

26.

Denied as stated.

27.

Denied.

28.

Denied.

29.

Denied.

## **COUNT ONE – LIABILITY OF DEFENDANT SEGADO**

30.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 29 of the Complaint.

31.

It is admitted that the laws of the State of Georgia are applicable to this case. Except as expressly admitted, all other allegations set forth in Paragraph 31 are denied as stated.

32.

Denied as stated.

33.

Denied.

34.

Denied.

## COUNT TWO – LIABILITY OF DEFENDANT
## LIQUID TRANSPORTATION CORPORATION

35.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 34 of the Complaint.

36.

It is admitted that Raul Segado was an employee of Liquid Transport Corporation on or about October 10, 2016 and that Raul Segado was driving the tractor-trailer in the course and scope of his employment.  Except as expressly admitted, all other allegations set forth in Paragraph 36 are denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

## **COUNT THREE – NEGLIGENT ENTRUSTMENT**

43.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 42 of the Complaint.

44.

Denied.

45.

Denied

46.

Denied.

## **COUNT FOUR – NEGLIGENT HIRING**

47.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 46 of the Complaint.

48.

Denied.

49.

Denied

50.

Denied.

## COUNT FIVE – LIABILITY OF DEFENDANT
## GREAT WEST CASUALTY COMPANY

51.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 50 of the Complaint.

52.

Denied.

53.

Denied.

## DAMAGES CLAIMED

54.

Defendant hereby incorporates by reference as if fully set forth hereinafter its responses to Paragraphs 1 through 53 of the Complaint.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Denied.

### THIRTEENTH DEFENSE

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied.

WHEREFORE, having answered the Complaint, Defendant prays the Court as follows:

(1) That Plaintiff have and recover nothing by way of the Complaint and it be dismissed with prejudice;

(2) That all issues of fact be tried by a jury of twelve (12);

(3) That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for this Defendant's counsel; and

(4) For such and further relief as the Court deems just and appropriate.

Respectfully submitted this 14th day of Novembre, 2018.

          MCMICKLE, KUREY & BRANCH, LLP

          BY: /s/ Kevin P. Branch
              KEVIN P. BRANCH
              Georgia Bar No. 111839
              For the Firm
              *Attorney for Defendant Liquid*
217 Roswell Street, Suite 200    *Transport Corporation*
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LISA ANN BAKER,<br><br>        Plaintiff,<br><br>v.<br><br>LIQUID TRANSPORT CORPORATION, RAUL SEGADO AND GREAT WEST CASUALTY COMPANY<br><br>        Defendants. | CIVIL ACTION<br>FILE NO.: |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C.  This pleading has been prepared in Times New Roman, 14 point font.

This 14th day of November, 2018.

/s/ Kevin P. Branch
KEVIN P. BRANCH
For the Firm

M0449687.1 14254

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LISA ANN BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>LIQUID TRANSPORT CORPORATION, RAUL SEGADO AND GREAT WEST CASUALTY COMPANY<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT LIQUID TRANSPORT CORPORATION'S ANSWER TO PLAINITFF'S COMPLAINT FOR DAMAGES** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

Michael A. Melonakos, Esq.
The Melonakos Law Firm, LLC
416 E. North St.
Greenville, SC 29601
*Attorney for Plaintiff*

This 14th day of November, 2018.

/s/ Kevin P. Branch
KEVIN P. BRANCH
For the Firm

M0449687.1 14254